### HOTCHKISS *v.* THE CLIFTON AIR CURE.

December, 1868.

If a referee, selling property under a decree, irregularly sells it free from a lien which he promises to pay off out of the proceeds, instead of selling it subject to the lien, as directed by the decree, the purchasers cannot/be compelled to pay into the court the amount of the lien, in addition to their bid; but if the terms of sale were prejudicial to any party the remedy is an application for a resale.

Leman B. Hotchkiss brought an action in the supreme court against the Clifton Air Cure, a corporation, and many other defendants, to foreclose a mortgage on real property. A judgment was obtained directing a referee to sell the premises at auction.

The referee made a sale, and reported that he had sold the premises for twenty thousand dollars, and delivered the deed and received the amount of the bid less two thousand five hundred and twenty-six dollars and sixty-three cents. This sum the purchasers refused to pay, claiming that they were entitled to retain it to discharge a prior mortgage on the premises. The Clifton Air Cure, who had owned the equity of redemption, moved the court to compel the purchasers to pay this sum.

The referee made affidavit that he sold the premises for twenty thousand dollars, to the highest bidder. That after the sale was opened, and before the premises were struck off, he was informed that there was a prior mortgage on the premises, and was informed by plaintiff's attorney that the decree authorized him to pay that mortgage out of the proceeds of the sale. That thereupon, without having examined the judgment, he announced to those present that he would pay off the prior mortgage out of the proceeds of the sale. That before he made this

announcement, the purchasers had made their bid of twenty thousand dollars, which was the only bid made. That the only reason why he did not require payment of the whole twenty thousand dollars on delivery of the deed was the representation of plaintiff's attorney, under which he supposed that the purchasers were entitled to retain it to pay off the mortgage, and that he believed that he was by so doing carrying out the judgment.

Several affidavits in opposition to the motion alleged that the first bid was for sixteen thousand five hundred dollars, and that the bid of twenty thousand dollars was not made until after the announcement that the premises would be sold free from the prior mortgage. The weight of the affidavits was decidedly to this effect.

*The supreme court*, at special term, granted the motion, but on appeal, their order was reversed at general term (neither court assigning their reasons), and the moving parties appealed to this court.

*John H. Reynolds*, for the appellants.

*Wm. H. Adams*, attorney for the purchasers, respondents.

HUNT, Ch. J.—It is quite possible that the referee erred in undertaking, upon the sale, to provide for the payment of the prior mortgage. The decree simply directed him to sell the premises, and to distribute the proceeds in the manner therein pointed out. To have confined himself to the duty thus indicated, would have been a performance of which no one could have complained. The plaintiff's attorney, having the carriage of the decree, desired the referee to announce that he would pay off the prior mortgage, and that the purchaser should receive a clear title. Without much reflection, and without an opportunity to examine the decree, the referee made such announcement, and made the sale on these terms. The appellants here, being a portion of the original defendants, say that this was unauthorized by the decree, that it produced an injurious effect upon the price to be obtained, and ask that the purchaser be compelled to pay the amount of the prior incumbrance.

Assuming the law to be as claimed by the appellants, the relief asked for is a *non sequitur*. If the sale was

Hotchkiss *v.* Clifton Air Cure.

irregular or unauthorized, it by no means follows that the purchasers should be compelled to pay two thousand five hundred dollars more than they bid for the premises. On the contrary, the plain remedy would be to vacate the sale, and again to offer the premises for sale. This the appellants do not ask, and apparently do not desire. While they insist that the sale was irregular, they also insist upon its confirmation. While they say that the referee had no right to sell upon the promise of giving a clear title, they still insist that the purchasers shall be held to their purchase, and shall pay two thousand five hundred dollars more than they undertook to pay, when they bid on the property. This claim is in violation of every sound principle. The purchasers never made the contract which the appellants seek to impose upon them. They have performed fully the bargain they did make. The appellants have received, and yet enjoy the benefit of it, and nothing further can be required of the purchasers.

I can see no advantage in requiring the purchasers to bring this two thousand five hundred dollars into court for the purpose of distribution. There is no suggestion that the holder of the mortgage desires this to be done, or even that his mortgage is in such a condition that he can be compelled to receive the amount of it. He is not even a party to the action. Whether it be done, or whether the mortgage shall continue as a security and shall be a lien on the premises sold, is of no possible importance to the appellants. It covers the whole premises, is the first, and so far as it appears, the only lien, and all the appellant's rights in the premises are finally and forever foreclosed.

The order of the general term should be affirmed, with costs.

CLERKE, J.—This may be deemed an application seeking the equitable interposition of the court. The application is, that the purchasers should be compelled to complete their purchase. The answer is, that they have already done so. The referee expressly told them, at the time of the sale, that, at the suggestion of the plaintiff's attorney in the foreclosure suit, he would pay off the prior mortgage, and give a clear title. The premises were then sold, under that announcement, for twenty

thousand dollars, and thereupon such an arrangement was made that the referee executed and delivered a deed, and the purchasers paid him twenty thousand dollars, less two thousand five hundred and sixty-two dollars and sixty-three cents, which was the amount of the prior mortgage on the day of sale, and which, unless since paid by the purchasers, is still an incum- brance on the premises. The effect of granting this application would be to compel the purchasers to pay two thousand five hundred and sixty-two dollars and sixty-three cents more than they contracted to pay. This would be inequitable; and the general term were right in refusing to lend its aid to an effort to deprive these purchasers of money which they never under- took to pay.

The order should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.